The Georgia Railroad *vs.* Smith, governor.

[This case was argued at the last term, and the decision reserved.]

Where suit was brought by one railroad company against another connecting with it, alleging that the plaintiff, the defendant and another railroad company all entered into a contract to transport certain iron at a given rate, and the freight was to be apportioned

among the three companies on the basis of the rate fixed, and that, in a settlement, the plaintiff accounted to the defendant at a higher rate for a portion of the service, and it sought to recover the excess so paid above the agreed rate, and where the defendant contended that the agreed rate was to continue only during the summer months, and that for any freight thereafter transported it and the other roads engaged in shipping the iron were to have advanced rates, it was admissible for the defendant to introduce in evidence a memorandum made by the general freight agent of the plaintiff for the purpose of instituting suit against the party for whom the transportation was done, such memorandum indicating that at the time it was made, the plaintiff's agent understood the contract to be as the defendant contended that it was, and the agent who made it having been authorized to do so in the prosecution of the plaintiff's claim, and having acted within the scope of his authority in making it. In this transaction, he was the *alter ego* of the plaintiff.

(*a.*) If there be other errors in the record, they are such as do not seem material, and they will doubtless be corrected on another hearing.

June 1, 1886.

Evidence. Principai and Agent. Admissions. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885.

Reported in the decision.

HILLYER & BRO., for plaintiff in error.

C. ANDERSON, attorney general; C. D. HILL, solicitor general; N. J. HAMMOND; SPEAIRS & SIMMONS, for defendant.

HALL, Justice.

A careful examination of this long and somewhat complicated record, together with a full consideration of the numerous questions it makes, satisfies us that the material issues involved are quite limited in number, and that they are, for the most part, controlled by well-settled and long-established principles, as to the existence of which there

is really no serious difference of opinion between the able and experienced counsel who presented the claims of opposing parties, and who differ only, as it seems to us, as to the application of these principles to the case as made in the pleadings and the facts disclosed by the evidence adduced on the trial, and the consequences that flow legally and logically therefrom.

The purpose of the suit was to recover from the defendant a certain sum of money, which the plaintiff alleges that the Western and Atlantic Railroad, owned by the state, paid it in excess of the proportionate amount to which it was entitled under a contract made by the Western and Atlantic Railroad with the Selma, Rome and Dalton Railroad Company, to transport for that company, from Charleston, South Carolina, to different stations on its road, a certain specified amount of iron to be used in the construction and laying of its track. To this contract the defendant and the South Carolina Railroad Company became parties by an agreement with the Western and Atlantic Railroad, and a low rate of freight was agreed on between these various roads, and the portion to which each was entitled for the service rendered in handling and transporting the iron was fixed on the basis of this low rate of freight, which the defendant insists was to continue during the summer months only, and that for any freight thereafter transported, it and the other roads engaged in shipping it were to have advanced rates. A considerable portion of this iron was hauled during the winter months, and the Western and Atlantic Railroad accounted with and paid the defendant for that service its proportion thereof at its advanced rates. The Selma, Rome and Dalton Road did not agree with the Western and Atlantic Road, that their contract was to pay advanced rates for that part of the freight earned during the winter months, and finally settled with it at the lower rates as to all the roads engaged in performing their contract. This suit is for the difference between the lower and higher rate paid by

the Western and Atlantic Road to the defendant, and which that road lost in its adjustment of the matter with the Selma, Rome and Dalton Company; so that the right of the state to recover in this suit depends entirely upon the fact whether the contract was for one rate of freight during the summer months and another and higher rate for the winter months, to which its road and the defendant were both parties. There is no dispute that they were both parties to the contract made, whatever that was, between the Western and Atlantic Railroad of the one part and the Selma, Rome and Dalton Railroad Company of the other part. The terms of the contract is the only and real point of difference between the contending parties. There was quite a mass of evidence, oral and documentary, offered by the parties to sustain their respective views of this contract. The evidence was very conflicting in its character, and it is hard to determine whether its preponderance was in favor of one party or the other. The plaintiff had a verdict, and the defendant moved for a new trial upon numerous grounds, which was refused, and the judgment denying it is brought here for review. In the view we take of this case, it will be necessary to consider only one of these grounds, as the others specify no errors which would warrant our interference with the judgment.

The 22d ground of the motion is as follows: " Because the court erred in ruling out a written memorandum made by Mr. Pope, when about to institute proceedings in Dalton superior court, on which was founded the *fi. fa.* against the Selma, Rome and Dalton Railroad, elsewhere appearing in evidence, Mr. Pope stating therein the reasons upon which the Western and Atlantic Railroad desired to predicate its suit, which memorandum is herewith copied, and which the court ruled out on the ground that it contained nothing relevant to the issues in the case, on objection by plaintiff's counsel, and defendant says the same was relevant, and that the court erred therein."

The rejected evidence herein referred to is:

"Memorandum of the reasons upon which the Western and Atlantic Railroad desire writ of attachment and order of sale of certain property belonging to the Selma, Rome and Dalton Railroad Company, and now in possession of the Western and Atlantic Railroad, at its Dalton agency:

1st. In this: That the Western and Atlantic Railroad did, in due order of business, transport over its rails certain railroad iron and other railroad material, during February, March, April and May, 1870, for said Selma, Rome and Dalton Railroad.

That this iron and material, etc., was the property of the Selma, Rome and Dalton Railroad. That the Western and Atlantic Railroad received this property from shipper and connecting roads, with the attendant charges, as is usual among common carriers and transportation lines, of which the Western and Atlantic Road is a connecting and component line.

That the Selma, Rome and Dalton Railroad stood to this road in the same relation precisely as any other consignee, and was so treated.

That the freight represented herein was to be delivered by the road at Dalton.

That it was transported to Dalton. That the Selma, Rome and Dalton Railroad did receive other iron and material than that represented in these freight bills, and that freight and charges were assessed in same manner as this, and that they received and paid freight and charges on said iron and material.

That the amount of iron and sundry material represented in the bills herewith rendered is 4,483 bars and sundry material.

That this quantity has been delivered to the Selma, Rome and Dalton Railroad, except 1,280 bars iron and 40 kegs spikes, which amounts are now in our possession at Dalton.

Statement of indebtedness, "A."

Statement of iron on hand, "B."

Name of superintendent of S., R. & D. R. R., E. G. Barney.

Office of company, P. Ala.

Agent of company at Dalton, J. A. Cunningham.

Agent of W. & A. R. R., at Dalton, J. L. Dickey.

Letter of E. G. Barney, superintendent, agreeing to pay indebtedness, "C."

Papers concerning rates of freight upon iron from S. R. & D. R. R. "D."

Upon the statement of facts submitted, the Western and Atlantic Railroad desire action in the matter.

I am prepared to explain all matters connected with the transportation not herewith presented.

Seal {W. & A. R. R., Gen'l Freight } [Signed] A. POPE,
{July 28, 1870. Agt's office, Atlanta, Ga.} Gen'l Freight Agent."

The slightest examination of this paper, we think, will

show that Mr. A. Pope, who was the general freight agent of the Western and Atlantic Railroad, and who was only authorized to act on its behalf in the prosecution of its claim to these freights, then understood this contract to be as the defendant contends that it was. In this transaction, he was the *alter ego* or mouth-piece of the corporation he represented, and acting within the scope of his authority, his principal is bound by his admission; they were competent (Code, §§3787, 2206), and we have shown that they were relevant. With their force and effect we have nothing to do. The facts already in evidence and others to be adduced, which may detract from their weight, are for the jury. What influence they might have had with the jury on this trial, or how far they may go in producing a different result on another, it is impossible to say. All that we now determine is that they were relevant and competent evidence. On this ground alone, a new trial is ordered. If there be other errors in the record, they are such as we do not deem material, and which will doubtless be corrected on another hearing.

Judgment reversed.